# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| RUDY D. MUNGIA, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | Civil Action No. SA-09-CV-395-XR |
| § | |
| JUDSON INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
| § | |
| *Defendant*. § | |

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

On this date, the Court considered Plaintiff's Motion for Preliminary Injunction (Docket Entry No. 10). Having considered Plaintiff's Motion, Defendant's response, and Plaintiff's reply, the Court hereby DENIES Plaintiff's Motion for Preliminary Injunction.

**Background**

Plaintiff Rudy D. Mungia is an employee of Defendant Judson Independent School District and has served as a mechanic since 1990. He is legally and completely blind in his right eye. Mr. Mungia alleges that despite his disability, he is allowed to drive school buses without passengers, and he was allowed and required by Judson ISD to drive buses for nineteen years. He contends that despite knowing of his disability, Judson ISD required him to obtain a Texas School Bus Driver Certification, directing him to transport student/children passengers and indicating that refusal to do so would adversely impact his employment. Mr. Mungia's blindness prevents him from obtaining a Texas School Bus Driver Certification, and he claims that Defendant Judson ISD disciplined him for not obtaining the Certification. Plaintiff filed suit against Defendant for adverse employment actions taken against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C.

§ 12101 *et seq.*

Mr. Mungia served as a Master Mechanic with his employer. On September 22, 2009, Judson ISD demoted him to the unskilled position of Bus Monitor and gopher. Mr. Mungia filed this Motion for Preliminary Injunction, requesting that the Court order Judson ISD to reinstate him to his previous Master Mechanic position.

**Legal Standard**

"A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'" *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir.1985)). The Fifth Circuit Court of Appeals has repeatedly outlined the standards that a district court is to consider when deciding whether to grant preliminary injunctive relief:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest.

*Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir.2009)).

**Analysis**

To show irreparable harm, Mr. Mungia contends that his demotion has resulted in daily "indignity and harassment." (Pl.'s Mot. for Prelim. Inj. ¶ 35 (Sept. 30, 2009) [Docket Entry No. 10] ("Mot.").) He states that he will "have to explain the demotion to an unskilled position to future employers." (*Id.* ¶ 37.)

Injuries in terms of money, time, and energy expended in the absence of a stay do not present

an irreparable harm. *See White*, 862 F.2d at 1212 (citing *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974)). Mr. Mungia is being paid at the same salary as a bus monitor as he made in his previous position. (Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. ¶ 5 (Oct. 12, 2009) [Docket Entry No. 11].) Plaintiff explicitly contends that the demotion "does not implicate money, time and energy." (Pl.'s Reply to Def.'s Resp. to Pl.'s Mot. for Prelim. Inj. ¶ 16 (Oct. 13, 2009) [Docket Entry No. 12].) Mr. Mungia characterizes the demotion as "coercive, abuse and punitive . . . intended to subject him to humiliation, constructively discharge him and harm his work history." (*Id.*) In his affidavit, Mr. Mungia states: "Being demoted from an ASE Certified Master Mechanic to an unskilled Bus Monitor is degrading, humiliating, and embarrassing to me. I will have to explain the demotion to an unskilled position to future prospective employers." (Aff. of Rudy D. Mungia ¶¶ 14–15 (Sept. 30, 2009) (Mot. ex. 1).)

Mr. Mungia fails to provide any supporting evidence of irreparable harm in his motion, brief, or appendix. Assertions of injuries not supported by evidence fail to clearly establish irreparable harm. His statements do not explain how the demotion is harassment or if he is being subject to harassing behavior in his new position. Moreover, Mr. Mungia does not demonstrate how such an injury is irreparable. He has not provided, nor can this Court locate, any authority in which a Court found irreparable harm based on "humiliation" or "embarrassment." *Cf. Chalmers v. Marks*, No. Civ.A. 3:03-CV-0468-L, 2003 WL 23195562, at *3 (N.D. Tex. Dec. 17, 2003) (refusing to find that "public humiliation and mental anguish" as well as harm to "reputation" constitute irreparable harm). Reinstatement after trial would suffice to redress Plaintiff's alleged wrong. *See Van Arsdel v. Tex. A&M Univ.*, 628 F.2d 344, 346 (5th Cir. 1980).

Furthermore, Plaintiff's injury related to future employment is speculative. Even if possible,

it is not guaranteed that Mr. Mungia will have to explain the demotion to future prospective employers. Such a possibility is contingent upon Mr. Mungia seeking new employment. This speculative harm does not rise to the level of an irreparable injury that warrants issuance of a preliminary injunction. *Cf. Allied Pilots Ass'n v. Am. Airlines, Inc.*, 898 F.2d 462, 466 (5th Cir. 1990) ("Since many employment disputes involving discharge implicate the reputation of an employee, we do not believe that this speculative possibility of irreparable harm is of the magnitude required to support an injunction in the context of a minor dispute.").

Mr. Mungia, having failed to show an irreparable harm, cannot succeed on his motion for a preliminary injunction. As a result, it is unnecessary for the Court to consider the other elements required to issue a preliminary injunction.

## Conclusion

Having failed to show irreparable harm, Plaintiff's Motion for Preliminary Injunction is hereby DENIED.

It is so ORDERED.

SIGNED this 19th day of October, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE