# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| RUDY D. MUNGIA, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No. SA-09-CV-395-XR |
| JUDSON INDEPENDENT SCHOOL DISTRICT, | § § § § | |
| *Defendants*. | § § | |

**ORDER ON MOTION FOR LEAVE TO DESIGNATE EXPERT WITNESS**

On this day, the Court considered Plaintiff's Motion for Leave to Designate Expert Witnesses Out of Time (Docket Entry No. 21). Having considered the motion, Defendant's response, and the pleadings, the Court hereby GRANTS Plaintiff's motion.

**Statement of Case and Relevant Background**

Plaintiff Rudy D. Mungia is an employee of Defendant Judson Independent School District. Plaintiff filed suit against Defendant for adverse employment actions taken against him in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* Mungia was required to Designate Expert Witnesses by December 14, 2009. Plaintiff's counsel failed to designate himself or his law partner as experts on attorney fees.

**Plaintiff's Motion and Defendant's Response**

Mungia moves the Court for leave to designate expert witnesses beyond the deadline.[1] He argues that (1) Defendant will not be prejudiced by the extension of time, (2) the delay is not unreasonable since trial is scheduled for June 14, 2010, (3) the potential impact of the delay on

---

[1] Pl.'s Mot. for Leave, Feb. 8, 2010 (Docket Entry No. 21).

judicial proceedings is not significant, and (4) Plaintiff acted in good faith. Judson I.S.D. objects to Plaintiff's request as untimely.[2]

## Legal Standard

District courts have "wide latitude" and are allowed to act with "intelligent flexibility" in allowing parties to designate experts beyond the deadline. *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998). In determining whether to grant a party's request to designate an expert witness beyond the deadline, the court considers: (1) the importance of the testimony; (2) the prejudice to the opposing party if the witness is allowed to testify; (3) the possibility that a continuance would cure potential prejudice; and (4) the explanation provided for the failure to identify the witness. *Id.* (citing *Bradley v. United States*, 866 F.2d 120, 124 (5th Cir. 1989)).

## Analysis

Here, Mungia has asserted a claim for attorney fees in his complaint. The expert testimony of Mungia's attorneys is important to establish that claim.

The Court discerns little prejudice to the Defendant. Defendant was on notice since the inception of this lawsuit that Plaintiff sought attorney fees. Moreover, proving attorney fees via the expert testimony of counsel is expected. *Wright v. Blythe-Nelson*, No. 3:99-CV-2522-D, 2001 WL 804529, at *6 (N.D. Tex. July 10, 2001) ("Attorneys who represent parties against whom such fees are sought are not surprised by expert testimony because they can usually expect that opposing counsel will attempt to prove his attorney's fees and because they are themselves experts on the subject."). Furthermore, because attorney fees are determined at the close of a case, Defendant is

---

[2]Def.'s Objections & Resp. to Pl.'s Mot. for Leave, Feb. 19, 2010 (Docket Entry No. 22).

not prejudiced by the late designation. *See Straus v. DVC Worldwide, Inc.*, 484 F. Supp.2d 620, 633 (S.D. Tex. 2007) (denying motion to strike untimely designation of experts on attorney fees because "[a]ttorneys' fee claims are generally resolved at the close of the case, after both liability and damages have been determined").

Even if there were prejudice, a continuance would cure any prejudice suffered by the Defendant. Although counsel's explanation that the failure to designate counsel as experts was an oversight would weigh in Defendant's favor in opposing the motion, the remaining factors weigh heavily in granting the motion, and there is no alleged bad faith.

**Conclusion**

Plaintiff's motion for leave to designate experts on attorney fees beyond the deadline is GRANTED. It is ORDERED that Plaintiff is to serve his supplemental expert designation no later than March 8, 2010.

It is so ORDERED.

SIGNED this 24th day of February, 2010.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE