# In the United States District Court
## for the
## Western District of Texas

RUDY D. MUNGIA                  §
                               §
v.                             §    SA-09-CV-395-XR
                               §
JUDSON I.S.D.                  §

## ORDER

On this day came on to be considered Plaintiff's Motion for Partial Summary Judgment (docket no. 25), Defendant's Motion for Summary Judgment (docket no. 26), Defendant's Motion to Strike Witness List (docket no. 27), Plaintiff's Motion to Strike (docket no. 32), and Plaintiff's Motion for Leave to File Amended Complaint (docket no. 33).

## Background

Rudy D. Mungia has worked as a mechanic since 1971. He is certified by the National Institute for Automotive Service Excellence in numerous automotive disciplines. He is an employee of Judson I.S.D ("Judson"). He was hired by Judson in 1990 as a mechanic.[1] Plaintiff alleges that when he was hired, the school district was aware that he was legally blind in his right eye. In 1992, he was promoted to the position of Master Mechanic.[2] Notwithstanding

---

[1] Exhibit D1 to Defendant's motion for summary judgment.

[2] Exhibit D2 to Defendant's motion for summary judgment.

his blindness in his right eye, he holds a Texas Commercial Driver's License.[3]

Mungia alleges that he has satisfactorily driven school buses without passengers for 19 years. He does "road tests" on buses after they have been repaired, conducts inspections of new buses, and otherwise drives buses (without passengers) as needed.

Sometime around the year 2000, the school district required some of its Transportation Department employees to obtain a Texas School Bus Driver Certification and occasionally serve as a substitute bus driver transporting students. Plaintiff was not required at that time to obtain a Texas School Bus Driver Certification.

In May 2007, John Livingston was hired as the Judson I.S.D. Transportation Department Coordinator. He then began to supervise Plaintiff. In August 2007, Plaintiff alleges that Livingston had a meeting with Plaintiff and six other Transportation Department employees. Plaintiff alleges that during this meeting, Livingston threatened to fire any employee who filed any type of grievance against him.[4]

On January 18, 2008, Plaintiff interviewed for a shop foreman position.[5]

---

[3] Mungia does not hold a Texas School Bus Driver Certification, which would allow him to drive a school bus with student passengers. Individuals, such as Plaintiff, who are monocular drivers are allegedly disqualified from obtaining this state certification.

[4] Exhibit 3 to Plaintiff's motion for partial summary judgment. In this document no mention is made of age or disability discrimination. Rather, Livingston allegedly stated that mechanics "had no say so," that he heard rumors of a grievance to be filed against him, and implied that if they filed a grievance against him there would be retribution. Livingston was counseling in writing about this incident on March 31, 2008. *See* Exhibit 5 to Plaintiff's motion for partial summary judgment.

[5] Exhibit 4 to Plaintiff's motion for partial summary judgment.

There is no mention in the interview form that he was not qualified for the position.[6] He was notified on February 8 that he was not selected.[7] On January 23, 2008, the Judson I.S.D. Superintendent, Willis Mackey, Ph.D., placed Plaintiff on suspension for allegedly contacting a secretary[8] about the other applicants for the shop foreman position.[9] On February 14, 2008, Plaintiff filed a grievance against Livingston alleging that he was being subjected to retaliation by Livingston.[10]

On August 6, 2008, Livingston began to investigate Plaintiff for allegedly damaging a bus.[11] Livingston allegedly became aware at that time that Plaintiff lacked certain medical records.[12]

On August 12, 2008, Livingston allegedly[13] informed Plaintiff that he was required to take a physical exam[14] (including an eye exam) and obtain a Texas School Bus Driver Certification.  On August 14, 2008, Plaintiff was given a

---

[6] Defendant now argues that it was unaware at that time that Plaintiff did not hold a School Bus Driver Certification.  No party has provided the Court with what the job requirements were for this position at this time.

[7] Exhibit D6 to Defendant's motion for summary judgment.

[8] This secretary and the Plaintiff later became married.

[9] Exhibit B5 to Defendant's motion for summary judgment.

[10] Exhibit D7 to Defendant's motion for summary judgment.  It does not appear that Plaintiff raised any allegations of age or disability discrimination at this time.

[11] Exhibit D11 to Defendant's motion for summary judgment.  Plaintiff denies that he damaged the bus.

[12] Exhibit D12 to Defendant's motion for summary judgment.

[13] Plaintiff denies being told that he was required to report for an examination.  Pl.'s Dep. at 92.

[14] Exhibit B6 to Defendant's motion for summary judgment.

written memorandum stating that he failed to present himself for a physical examination, and that as a result, he was not allowed to drive any Judson I.S.D. vehicle or report to work until such time as he completed a physical examination.[15]   Plaintiff alleges that Livingston imposed this requirement in retaliation for the February 2008 grievance Plaintiff filed.   Plaintiff argues that his monocular vision renders him ineligible for the School Bus Driver Certification.   Alternatively, he asserts that since he is blind on the right side, where children load and unload, he is uncomfortable transporting children.

Effective August 13, 2008, Plaintiff was suspended for four days with pay[16] for refusing to take the eye exam.   Plaintiff submitted to an examination on August 20, 2008.  The medical examiner's certificate indicates Plaintiff complied with 49 CFR 391.41[17], only if accompanied by a vision waiver exemption.[18]

---

[15] Exhibit A4 to Defendant's motion for summary judgment.

[16] Exhibit D17 to Defendant's motion for summary judgment.

[17] "A person subject to this part must not operate a commercial motor vehicle unless he or she is medically certified as physically qualified to do so, and, except as provided in paragraph (a)(2) of this section, when on-duty has on his or her person the original, or a copy, of a current medical examiner's certificate that he or she is physically qualified to drive a commercial motor vehicle."

[18] Exhibit D16 to Defendant's motion for summary judgment.  49 CFR 391.64 states: "The provisions of § 391.41(b)(10) do not apply to a driver who was a participant in good standing on March 31, 1996, in a waiver study program concerning the operation of commercial motor vehicles by drivers with visual impairment in one eye; provided:
(1) The driver is physically examined every year, including an examination by an ophthalmologist or optometrist attesting to the fact that the driver:
(i) Is otherwise qualified under § 391.41; and
(ii) Continues to measure at least 20/40 (Snellen) in the better eye.
(2) The driver provides a copy of the ophthalmologist or optometrist report to the medical examiner at the time of the annual medical examination.
(3) The driver provides a copy of the annual medical certification to the employer for retention in the driver's qualification file and retains a copy of the certification on his/her person while driving for presentation to a duly authorized federal, state or local enforcement official."

On September 12, 2008, Plaintiff was given a written counseling form for refusing to drive a bus with students on board.[19]  Apparently, Livingston was requiring Plaintiff to drive, but offered to provide a "monitor" to assist with "student management."  Plaintiff refused the instruction to drive the bus.

At some point Plaintiff secured an attorney, and Plaintiff alleges that on September 24, 2008, Sharon Furey, Executive Director for Human Resources, verbally agreed that Plaintiff would not be required to obtain a Texas School Bus Driver Certification and that all past adverse employment acts would cease.  The next day Plaintiff's counsel reduced the verbal agreement to writing and provided a space for the Judson I.S.D. Superintendent, Willis Mackey, Ph.D., to sign indicating agreement.[20]  In the September 25 letter, Plaintiff's counsel specifically states that Plaintiff suffers from a disability (blind in the right eye), he is unable to drive students and it is unsafe for him to do so, and that the school district has agreed that it will not require him to do so.[21]

 Despite the above verbal agreement, Plaintiff complains that on October 5, 2008, Judson I.S.D. restricted him from operating any Judson I.S.D. vehicle.

On October 23, 2008, Plaintiff filed a charge of discrimination (charge no. 451-2008-02088) with the EEOC.  In that charge he alleged that he was being discriminated against because of his disability.[22]

---

[19] Exhibit 6 to Plaintiff's motion for partial summary judgment.

[20] Apparently, unbeknownst to Plaintiff, Dr. Mackey never signed the agreement.

[21]  Exhibit D19 to Defendant's motion for summary judgment.

[22] Exhibit E3 to Defendant's motion for summary judgment.

On January 7, 2009, Plaintiff acknowledged receipt of a job description for his position - master mechanic.  The requirements for the position included possession of a commercial driver's license and Texas School Bus Driver Certification.[23]  It is uncertain whether previous versions of this job description contained such a requirement.

On February 19, 2009, Plaintiff applied for the position of Transportation Department Shop Foreman.[24]  The shop foreman oversees the maintenance and repair of District vehicles, distributes vehicle parts, maintains an adequate inventory of shop parts and supplies, and purchases vehicle parts by using competitive bidding processes.[25]  Plaintiff alleges that on March 6, 2009, he was informed that he was not qualified for the foreman position and would not be interviewed because of his disability.  Plaintiff alleges that on previous occasions he has applied for the foreman position, the position in the past did not require a School Bus Driver Certification, and that he was never disqualified for further consideration because of his eye condition.

On March 31, 2009, the September 12, 2008, counseling form administered to the Plaintiff was removed from his personnel file by the Transportation Supervisor, Paul Spencer.[26]  It is uncertain what prompted this action, but it is consistent with the verbal agreement that Plaintiff would not be required to

---

[23] Exhibit 17 to Plaintiff's motion for partial summary judgment.

[24] Exhibit 9 to Plaintiff's motion for partial summary judgment.

[25] Exhibit 16 to Plaintiff's motion for partial summary judgment.

[26] Exhibit D21 to Defendant's motion for summary judgment.

drive a school bus with students aboard.

On April 1, 2009, Plaintiff amended charge number 451-2008-02088.  In this amended charge, he complained of being denied the shop foreman position in February/March 2009.  He also alleged that he was being discriminated against because of his age (56 years old) and that he was being retaliated against.[27]

On September 22, 2009, Plaintiff was demoted[28] to the position of bus monitor.[29]  Plaintiff alleges that he was retaliated against when he was given this disciplinary counseling and "demoted" to bus monitor for disposing of seatbelts that are routinely removed from new school buses.  Plaintiff alleges that it has been the policy of the District since 1999 to remove the seatbelts installed on new buses because students have sometimes used them as weapons.

On November 2, 2009, Plaintiff filed a new charge of discrimination (charge no. 451-2010-00169) with the EEOC complaining that in May 2009 he was suspended and later demoted to bus monitor and these acts constituted disability discrimination and retaliation.  Age discrimination was not alleged in

---

[27] Exhibit E4 to Defendant's motion for summary judgment.

[28] It is unclear whether this "demotion" is an adverse personnel action.  Plaintiff characterizes the move as a demotion.  Judson claims it is merely a reassignment with no loss in pay.  Neither side presents any summary judgment evidence on this issue.

[29] Exhibit 10 to Plaintiff's motion for partial summary judgment.  The school district argues that driving a school bus is an essential function of the mechanic job and since Plaintiff is unable to obtain a Texas School Bus Driver Certification, it was required to reassign him to a bus monitor position.  The school district also offers a second and possibly inconsistent explanation for the reassignment to bus monitor, *i.e.*, Plaintiff improperly disposed of seat belts.

this charge.[30]

Plaintiff brings the following causes of action: (1) disability discrimination under the Americans with Disabilities Act (ADA); (2) retaliation under the ADA; and (3) age discrimination under the Age Discrimination in Employment Act (ADEA).

Plaintiff seeks a partial summary judgment arguing that, as a matter of law, Judson I.S.D. failed to provide a reasonable accommodation. Specifically, Plaintiff argues that he applied for the shop foreman position and that Defendant was obligated to accommodate him by not requiring that he possess a School Bus Driver Certification.

Defendant seeks summary judgment on Plaintiff's age discrimination claim arguing that Plaintiff essentially conceded that claim in his deposition testimony. Defendant also asserts that it had a legitimate, non-discriminatory reason for its actions and that as a matter of law Plaintiff's claims of disability discrimination and retaliation should be dismissed.

## Analysis

### I.   Plaintiff's motion for leave to file an amended complaint

Plaintiff seeks leave to file an amended complaint. In summary, Plaintiff argues that the EEOC did not issue its notice of right to sue on charge number 451-2010-00169 until March 15, 2010. Accordingly, he argues that he has good cause for the amendment even though the amendment of pleadings deadline has

---

[30] Exhibit E5 to Defendant's motion for summary judgment.

passed. Plaintiff argues that the school district would not be prejudiced by any amendment because the allegations have already been raised in the discovery conducted by both parties. In addition, Plaintiff argues that if an amendment is not allowed at this time, he would be required to file a separate lawsuit against the school district and this would be a waste of resources for all concerned. Plaintiff presents good cause for the amendment of his complaint. The motion to amend is granted.

## II.   Defendant's motion to strike portions of Plaintiff's amended witness list

Defendant complains that on March 4, 2010, Plaintiff has included a new witness, Margaret Spinks, who is an employee of the Texas Department of Public Safety, License Issuance Bureau. Defendant argues that this individual has been named after the discovery deadline has passed and accordingly this person should be stricken. As explained in part V of this Order, Ms. Spinks wrote a letter on behalf of the Texas Department of Public Safety explaining Plaintiff's commercial driver's license status. She is an integral and necessary witness in this case. Defendant's motion is denied.

## III.   Plaintiff's motion to strike Judson's brief filed on April 9, 2010.

Plaintiff complains that Judson's brief was filed late, no leave to file late was requested, was two pages in excess of the local rules, and the affidavit of Livingston contained therein raises new arguments. Plaintiff's motion to strike is denied. *See* Policies and Procedures of Judge Rodriguez.[31]

---

[31] http://www.txwd.uscourts.gov/general/judges/docs/sanantonio/rodriguez.pdf

Alternatively, Plaintiff objects to various portions of Livingston's affidavit wherein he opines what state law requires to maintain a commercial driver's license. Plaintiff's objection in this regard is sustained. The Court will not consider any portion of an affidavit or other document wherein legal conclusions are stated or expert testimony is asserted by an unqualified witness.

## IV.   Defendant's motion for summary judgment

### A.   Summary Judgment Standard of Review

The Court reviews a motion for summary judgment in the light most favorable to the non-moving party and avoids credibility determinations and weighing of the evidence. Summary judgment is appropriate when the competent summary judgment evidence demonstrates that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Jackson v. Cal-Western Packaging Corp.*, --- F.3d ----, 2010 WL 1135735 (5th Cir. 2010).

### B.   Plaintiff's Objections to Defendant's summary judgment evidence

Plaintiff objects on hearsay grounds to various entries where other Judson employees repeat what they heard from Livingston. Plaintiff's objections are overruled inasmuch as they are excepted from hearsay as personnel records relied upon by the employer in making its personnel decisions. Plaintiff also objects to various portions of records wherein various Judson employees opine what state law requires to maintain a commercial driver's license. Plaintiff's

objection in this regard is sustained. The Court will not consider any portion of an affidavit or other document wherein legal conclusions are stated or expert testimony is asserted by an unqualified witness.

### C.    ADEA Claim

Plaintiff does not respond to Defendant's argument that Plaintiff has abandoned his age discrimination claim.  Plaintiff essentially testified in his deposition that he has no facts to support such a claim.[32]  Defendant's motion for summary judgment is granted on this claim.  *See Warren v. City of Tupelo Mississippi*, 332 Fed. Appx. 176 (5th Cir. 2009) (Plaintiff did not meet his ultimate burden that the city intentionally discriminated against him.).

### D.    ADA Claim[33]

The term "disability" under the ADA means: "(A) a physical impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).  All parties appear to agree that Plaintiff's blindness in his right eye is a disability as that term is defined in the ADA.

The ADA prohibits an employer from discriminating "against a qualified individual with a disability because of the disability of such individual in regard

---

[32] Pl.'s Dep. at 50.

[33] The Court notes that the Americans with Disabilities Act was amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553.  The changes made by the ADAAA took effect on January 1, 2009, and the new standards apply to conduct on or after that date.

to ... the hiring ... or discharge of employees." 42 U.S.C. § 12112(a).  To establish a prima facie case for discrimination under the ADA, a plaintiff must be a qualified individual with a disability.

Defendant argues that Plaintiff was not a qualified individual for either the Master Mechanic position or the Shop Foreman position because he did not possess a Texas School Bus Driver Certification.  The school district also appears to argue that Plaintiff was not a "qualified individual" for either the Master Mechanic position or the Shop Foreman position because he did not possess a Commercial Driver's License (CDL).  Defendant insists that in order to have a valid CDL, a driver must submit to annual physical examinations and Plaintiff had not been doing so.  Defendant further argues that Plaintiff was required to secure a vision waiver/exemption, and that he has failed to produce such a document and that failure makes him an unqualified individual.

Plaintiff responds that he holds a valid CDL and that pursuant to 37 Tex. Admin. Code § 16.9(c)(4)[34], he is not required to obtain a federal vision waiver/exemption.  Plaintiff has created a fact issue regarding whether he is a "qualified individual" and Defendant's motion for summary judgment on this issue is denied.  With regard to Defendant's argument that Plaintiff was not a qualified individual for either the Master Mechanic position or the Shop

---

[34] "A driver who operates a motor vehicle in intrastate commerce only, and does not transport property requiring a hazardous material placard, and was regularly employed operating a commercial motor vehicle in Texas prior to August 28, 1989, is not required to meet the federal physical and vision standards."  Plaintiff provides a copy of a DPS record indicating that has a Texas CDL license that was originally secured in July 1976 and does not expire until September 23, 2010.

Foreman position because he did not possess a Texas School Bus Driver Certification, Defendant's motion for summary judgment is also denied as to that issue. See Part V.

### E.   Retaliation Claim

Defendant argues that Plaintiff cannot establish a retaliation claim for any acts taken prior to August 13, 2008, the date Plaintiff was suspended for refusing to take the eye exam. Defendant argues that to establish a retaliation claim under the ADA, a plaintiff must show (1) that he engaged in an activity protected by the ADA, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse employment action. *St. John v. Sirius Solutions, LLLP*, 299 Fed. Appx. 308 (5th Cir. 2008). The Court agrees that prior to August 13, 2008, Plaintiff did not engage in any ADA protected activity. Defendant's motion for summary judgment is granted on this issue.

Defendant, however, also appears to seek summary judgment for any retaliatory acts that may have occurred after August 13, 2008. Defendant claims that no adverse employment actions occurred. However, on March 6, 2009, he was denied a promotion to the shop foreman position. In addition, on September 22, 2009, Plaintiff was demoted to the position of bus monitor. The denial of the shop foreman position is an adverse employment action. The demotion/reassignment to bus monitor may also constitute an adverse employment action. Defendant's motion for summary judgment is denied on this issue.

## V.    Plaintiff's motion for partial summary judgment

Plaintiff argues that despite his disability, since 1990 he has been working as a mechanic at Judson.  He further argues that from 1990 through most of 2008,  Judson reasonably accommodated his disability by not requiring him to drive a bus with students on board.  Plaintiff argues that Judson's claim that driving a school bus with students aboard is an essential function of the Master Mechanic and Shop Foreman position is belied by the fact that, for many years, Plaintiff has not been required to do that function.  Further, Plaintiff argues that there are other Judson Transportation Department employees who also do not possess a Texas School Bus Driver Certification and do not perform this function.  He also points out that when he applied for the Shop Foreman position in January 2008, he was not disqualified from the application process because he lacked a  School Bus Driver Certification.

Plaintiff contends that as a matter of law, Judson failed to engage in the required interactive process when he applied for the Shop Foreman position in February 2009, wrongfully concluded that Plaintiff did not meet all the job requirements, and failed to reasonably accommodate his disability by waiving the School Bus Driver Certification requirement.

EEOC regulations promulgated to implement the ADA define "reasonable accommodation" as "modifications or adjustments to the work environment, or to the manner or circumstances under which the position held or desired is customarily performed, that enable a qualified individual with a disability to perform the essential functions of that position." 29 C.F.R. § 1630.2(o)(1)(ii).

An employee who needs an accommodation because of a disability has the responsibility of informing his employer. *Taylor v. Principal Fin. Group*, 93 F.3d 155, 165 (5th Cir. 1996). The employee must explain that the adjustment in working conditions or duties he is seeking is for a medical condition, but the employee does not have to mention the ADA or use the phrase "reasonable accommodation." *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606 (5th Cir. 2009).

Defendant attempts to argue that Plaintiff has never requested a reasonable accommodation. Defendant characterizes Plaintiff's counsel's letter of September 25, 2008 as a "demand letter." The Court rejects this construction by the Defendant. After receiving this letter, Judson was obligated by law to engage in an "interactive process." That has been defined by the Fifth Circuit and other courts as "a meaningful dialogue with the employee to find the best means of accommodating that disability." *Id.* at 621. When an employer does not engage in a good faith interactive process, that employer violates the ADA. *Id.*

A fact issue, nevertheless exists as to whether or not Judson failed to engage in a good faith interactive process. Although Plaintiff disagrees with Judson's interpretations of the federal and state laws governing the driving of a commercial vehicle intrastate given Plaintiff's disability, Judson was under the impression that in order for Plaintiff to be able to drive a bus, even without carrying students, Plaintiff was required to maintain a vision waiver.

15

On January 15, 2010, however, Plaintiff received a letter from the Texas Department of Public Safety which states: "A driver who operates a motor vehicle in intrastate commerce only, and does not transport property requiring a hazardous material placard, and was regularly employed operating a commercial motor vehicle in Texas prior to August 28, 1989, is not required to meet the federal physical and vision standards.  Therefore, you are not required to maintain a vision waiver while driving a commercial motor vehicle intrastate. However, you are still required to maintain an annual medical certification, which requires a vision examination performed by an ophthalmologist."[35]

To confuse matters further, it appears that Judson is now willing to dispense with the requirement that Plaintiff secure a Texas School Bus Driver Certification.  This concession was first made on January 22, 2009.[36]  However, Judson did inform the Plaintiff that he "must comply with the requirement to obtain the vision waiver/exemption in order to perform his duties and to obtain a valid bus driver's license."[37]  These concessions were made prior to Plaintiff receiving the DPS letter dated January 15, 2010.[38]  It is uncertain when Plaintiff provided the District a copy of this DPS letter.  Plaintiff's counsel summarily states that a copy was given to the school district, but does not provide any competent summary judgment evidence as to when a copy was given.

---

[35] Exhibit 14 to Plaintiff's motion for partial summary judgment.

[36] Exhibits 8 and 12 to Plaintiff's motion for partial summary judgment.

[37] Exhibit 12 to Plaintiff's motion for partial summary judgment.

[38] Any objections by Defendant to the authenticity of the DPS letter are overruled.

Inasmuch as a fact issue exists as to whether Judson failed to engage in a good faith interactive process, Plaintiff's motion for summary judgment on this issue is denied.

## Conclusion

Plaintiff's motion for Partial Summary Judgment (docket no. 25) is denied.

Defendant's motion for summary judgment (docket no. 26) is granted in part and denied in part.  Plaintiff's ADEA claim is dismissed.  In addition, Plaintiff cannot establish a retaliation claim for any acts taken prior to August 13, 2008.  Otherwise, Defendant's motion is denied.

Defendant's motion to strike witness list (docket no. 27) is denied.

Plaintiff's motion to strike (docket no. 32) is denied.  However, Plaintiff's objections to certain portions of Livingston's affidavit are sustained.

Plaintiff's motion for leave to file amended complaint (docket no. 33) is granted.

It is further ordered that a status conference will be held in this case on May 13, 2010.  Among the issues to be discussed is whether any of the parties require a trial continuance or further discovery, and whether this case should be submitted to non-binding mediation.

SIGNED this 29th day of April, 2010.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE